UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Alec J. Viceconte,

                Plaintiff,

vs.

On-Site.com,

                Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Alec J. Viceconte, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Alec J. Viceconte ("Plaintiff"), is an adult individual residing in Lauderdale Lakes, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, On-Site.com ("On-Site"), is a California business entity with an address of 307 Orchard City Drive, Campbell, California 95008. On-Site is a consumer

reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).  On-Site is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In June 2018, Plaintiff applied for an apartment rental at 109 Tower.

7. In June 2018, 109 Tower submitted Plaintiff's information to Defendant for a background screening report.

8. Defendant performed the background screening report, which included a criminal records search, and furnished the results to 109 Tower.

9. Upon 109 Tower's receipt of the report, Plaintiff was informed that his application was denied due to criminal activity contained in the report.

10. According to the report, Plaintiff was found guilty in a criminal case in Iowa.

11. However, the information provided by Defendant to 109 Tower is inaccurate, as Plaintiff neither pled guilty nor was found guilty.

12. The inaccurate report contains damaging information to Plaintiff's character and reputation.

13. In addition to having his 109 Tower application denied, which prevented Plaintiff from obtaining housing, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

14. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to 109 Tower.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent

disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

18. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

19. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

20. These failures directly caused the denial of Plaintiff's application for an apartment rental with 109 Tower, which has damaged Plaintiff.

21. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED**

Dated: August 1, 2018

Respectfully submitted,

By  */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com